## Bank of Commerce & Savings, Appellant, v. I. N. Elkins, Appellee.

1. NEW TRIAL, § 9*—*when question of error in overruling motion for default judgment cannot be raised in motion for new trial.* Error in overruling of a motion for a default judgment, on the ground of the insufficiency of the affidavit of merits, was not a question which could be raised in a motion for a new trial, even though the order refusing such judgment was excepted to.

2. NEW TRIAL, § 9*—*when questions arising on rulings prior to hearing on merits not raised by motion for new trial.* A motion for a new trial does not raise any question arising on any ruling of the court before the hearing on the merits of the case, as questions arising preliminary to the submission to the jury are to be determined summarily by the court, and the rulings are subject to review if properly preserved in the record.

3. INSTRUCTIONS, § 131*—*when error to give instruction ignoring issue.* In an action on a note, in which defendant claimed that the note was not filled out according to his directions, and plaintiff claimed ratification, it was error to give an instruction for defendant ignoring the question of ratification.

4. INSTRUCTIONS, § 131*—*when instruction erroneous as ignoring issue.* In an action on a note, in which defendant claimed that the note was not filled out according to his directions, and plaintiff claimed ratification, an instruction stating in substance that before plaintiff could recover the jury must believe that defendant authorized a named person to fill out the note, and that unless such person filled out the blanks strictly according to the authorization of defendant the jury should find for defendant, was mandatory and was reversibly erroneous in that it ignored the question of ratification.

5. INSTRUCTIONS, § 129*—*when mandatory instruction insufficient in contents.* A mandatory instruction must be complete in its statement of facts which will justify a verdict, and if any material fact or requirement is omitted, it will be erroneous, and it is not cured by others.

6. INSTRUCTIONS, § 118*—*when contention not based on evidence need not be covered.* In an action on a note, in which plaintiff claimed there was the question of collusion between certain witnesses, it was not error to exclude that question in instructions given for defendant, where there was no testimony in the record on which to base such contention.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

418    APPELLATE COURTS OF ILLINOIS.

Bank of Commerce & Savings v. I. N. Elkins, 214 Ill. App. 417.

7. APPEAL AND ERROR, § 452*—*when alleged error in excluding documentary evidence is not available on appeal.* A party who offered documentary evidence, generally, was precluded from claiming on appeal that the court erred in excluding such evidence on the ground that it was offered by way of impeachment.

Appeal from the Circuit Court of Johnson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded. Opinion filed June 6, 1919.

BROWN, BROWN & BROWN, for appellant.

SPANN & SPANN, COWAN & HUFFMAN and MANSFIELD & COWAN, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

The appellant, Bank of Commerce & Savings, as plaintiff, recovered a judgment for $330.20 against I. N. Elkins, appellee, as defendant, in the Circuit Court of Johnson county and prosecutes this appeal to reverse said judgment.

The suit was on a promissory note averred to have been executed by the defendant, dated February 7, 1917, for the sum of $4,500, payable 90 days after date, to the order of appellant, with interest at 5 per cent after date.

The declaration contained two counts, the first count declaring specially on the note and the second count being common counts.

With the declaration plaintiff filed a copy of the note sued on and also a copy of account and an affidavit of merit.

To the declaration the defendant filed two pleas. One was a plea of nonassumpsit and the other a plea denying the execution of the note. The second plea was sworn to by the defendant. The defendant also filed an affidavit of merit. Before the trial plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

moved for default and judgment for the reason, the affidavit filed by the defendant, as an affidavit of merit, did not meet the requirements of the statute. This motion was denied and the plaintiff excepted.

Counsel for plaintiff urge that this exception is preserved in the motion for a new trial as one of the grounds why a new trial should be granted. This is not a question that can be raised in a motion for a new trial.

A motion for a new trial does not raise any question arising on any ruling of the court before the hearing on the merits of the case.

"The questions arising preliminarily to the submission to the jury, in such cases, are to be determined summarily by the court, and its rulings are subject to review. * * * But such rulings are not properly embraced in a motion for a new trial. The motion was, and properly, 'to set aside the verdict of the jury and grant a new trial.'" *Guyer v. Davenport, R. I. & N. W. Ry. Co.,* 196 Ill. 370.

The ruling of the court on a motion of this character is preserved in the record, and when properly presented on appeal the ruling of the court may be passed on. In this case there is no assignment of error on this ruling of the court, and for that reason that question is not presented.

The Supreme Court has said: "In *Skakel v. People,* 188 Ill. 291, on page 294, we say: 'Every error must be specifically pointed out in the assignment of errors (*Swift & Co. v. Fue,* 167 Ill. 443), so clearly that from the showing the error is manifest (*Gibler v. City of Mattoon,* 167 Ill. 18), and an error not assigned is not open to review.'" *Berry v. City of Chicago,* 192 Ill. 154.

Appellant questions instructions numbered 14, 15, 16 and 17, given at the request of the defendant. His argument is that when they are considered with the evidence in the case it was error to give them.

On and prior to February 7, 1917, the plaintiff was engaged in the banking business in the City of Chicago. William Grissom was cashier. Noel Whitehead was customer. I. N. Elkins, the defendant, was a resident of Johnson county, Illinois, and both Grissom and Whitehead had formerly lived in Johnson county, and the three men had been acquainted for many years.

In February, 1917, the note sued on in this case came to the plaintiff's bank.

Whitehead testifies that Grissom informed him that he, Whitehead, had an overdraft and that the bank was going to do away with overdrafts and that he told Grissom that he would see after it. Soon after that the defendant came to Whitehead's office in Chicago.

The defendant, Elkins, and Whitehead each testified that defendant was in Whitehead's office and Whitehead told the defendant that he had overdrawn his account at the bank about $250 or $300, and Whitehead asked the defendant to sign a note for him and that the defendant complied with this request by signing the note sued on with the place for the amount left blank and left it with Whitehead to take to the bank.

Whitehead further testified that while the defendant was in his office, he, Whitehead, called Grissom on the telephone and asked the amount of his overdraft and Grissom said he was busy and did not know but not over $500. That the day after the note was signed by the defendant, he took it to the bank and Grissom said, " 'You give me the note and I will fill in the amount.' To the best of my knowledge, the handwriting in the body of this note is Mr. Grissom's. I know Mr. Grissom's handwriting."

When this note was placed in the bank Whitehead received credits as follows:

$2,025.28 upon his note bank number,   312
1,000.00    "    "    "    "    "      378
1,500.00 to his account.

$4,025.28

The additional $25.28 is explained as another check.

Plaintiff's exhibit 4 offered in evidence is another note for $4,500, dated May 8, 1917, payable to the order of plaintiff, 90 days after date, with interest at 5 per cent after date and signed by the defendant. During the trial this note was surrendered by the plaintiff and accepted by the defendant.

C. P. Belling, assistant cashier in the bank of the plaintiff, testified that he filled out plaintiff's exhibit 4 before it was signed and mailed it to Elkins at Vienna, Illinois, and that the note came back through the mail.

In testifying about plaintiff's exhibit 4, Whitehead said he received from Grissom a blank note and he wrote to Elkins and sent him the note; that Grissom asked him to send it to Elkins. He inclosed Exhibit "A." "I received the blank note back. There was nothing on the paper when I received it but his name. I gave it to Mr. Grissom. It was blank except the name. I had no information how much the note would be."

"Exhibit A" is a letter from Whitehead to defendant about the second note and nothing is said in the letter about the amount.

The defendant testified he signed another blank note to take the one that he said was for $250 or $300. "I signed one in Chicago and another one that Whitehead sent me by mail. * * * Mr. Whitehead sent me this note that is marked plaintiff's exhibit '4.' There was not a scratch of a pen on it. I never signed a note that was filled out."

The objection made by appellant to the instructions

mentioned is that they each ignore the question of ratification by the defendant.

The 15th instruction is as follows:

"You are instructed that before the plaintiff should recover in this case, you must believe from the greater weight of evidence that the defendant authorized William M. Grissom, the cashier of the plaintiff's bank, to fill in the blanks of the note in question, and that the said William M. Grissom, filled in said blanks as to the amount of said note, strictly according to the authorization of the defendant, and if you should believe that the evidence is evenly balanced, or preponderates in favor of the defendant, on this question then you should find the issues for the defendant."

This instruction directed the jury to return a verdict for the defendant unless they believed from the evidence that a certain fact existed. Under this instruction, even though the jury may have believed from a preponderance of the evidence that the defendant had ratified the note sued on after it was given, they were directed that unless Grissom filled in the note strictly according to the authorization of the defendant, they would find the issues for the defendant.

Without undertaking to determine what weight should be given the evidence bearing on the question of ratification, it is sufficient to say an instruction stating under what conditions the jury should return a verdict for the defendant should not omit the question of ratification.

This was a mandatory instruction: "Such an instruction must be complete in its statement of facts which will justify a verdict, and if any material fact or requirement is omitted the instruction will be erroneous. An instruction of that kind is not cured by others, because if the jury obey the instruction they would render a verdict upon the finding of fact stated in it, regardless of the omitted fact or requirement." *Chicago & A. R. Co. v. Kuckkuck*, 197 Ill. 304.

This objection applies to other instructions.

It is urged, by counsel for plaintiff, that certain instructions given on behalf of the defendant ignored the question of collusion between Whitehead, Grissom and Elkins. The court did not err in this particular. There was no testimony in the record on which to base such contention. There is no evidence tending to show collusion between these parties, nor is there any evidence tending to show that Grissom was the agent of Elkins in this matter.

Certain checks issued by Whitehead after February 7, 1917, were offered in evidence by the plaintiff and refused by the court. It is said this was offered by way of impeachment. When they were offered in court they were offered generally, and it is sufficient to say they were not competent for the purpose offered.

For the errors indicated the judgment of the Circuit Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*