Andrew Hanusik, Appellee, v. James Hanlon, Appellant.

Gen. No. 8,115.

Opinion filed February 4, 1930. Rehearing denied June 24, 1930.

MURPHY O. TATE, L. M. TARPEY and C. B. CHAPMAN, for appellant.

M. D. MORAHN and BUTTERS & BUTTERS, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This suit was brought by Andrew Hanusik, appellee, in the circuit court of La Salle county, against James Hanlon, appellant, to recover damages to his car, and for an injury to himself, occasioned in an automobile collision. A jury trial was had resulting in a verdict

in favor of appellee, for the sum of $1,500. After overruling the motion for a new trial, the court rendered judgment on the verdict of the jury, from which judgment this appeal is prosecuted by appellant.

The declaration avers that on September 13, 1925, appellee owned an automobile, which he was driving south on the public highway extending from Ottawa to Grand Ridge; that the appellant also owned an automobile, which he, on said day, was driving south on said highway, two miles south of the City of Ottawa; that it was his duty in driving said automobile to drive at a reasonable rate of speed, having regard to the traffic, and to exercise reasonable care in order to operate the same so that it would not collide with other automobiles, lawfully driven upon the highway, but that the appellant so carelessly and negligently drove and managed his automobile, that while appellee was driving past appellant's automobile, in the exercise of due and ordinary care, appellant's automobile ran against and struck appellee's automobile with great force and violence, causing appellee's automobile to run into the ditch on the left, or east side of the road, and that the force of the impact wrecked appellee's automobile and rendered it of no value; that the value of the automobile was $1,500; that appellee was thrown out of his seat in the automobile, against divers parts of it, and his right shoulder and side severely bruised; his right arm and head cut and bruised; divers bones of his body dislocated, and he was rendered sick, sore, lame and disordered, and has ever since so remained, and suffered great pain, and been obliged to pay out large sums of money for medical services, and has been rendered unable to carry on his usual business, and lays his damages at $3,000.

To the declaration, appellant pleaded the general issue and a special plea, denying ownership and use of the automobile. No question is raised, however, based

upon the special plea, denying ownership and use of the automobile. The record discloses that appellee was riding in the rear of the automobile, in which certain other members of his family were riding, and which was driven by his son. The automobile of appellant was driven by himself. His wife was riding with him. Both of said cars were traveling in a southerly direction on the Bloomington Road, south of Ottawa; appellee's car was following appellant's.

The testimony of appellee's witnesses is to the effect that at a point about two miles south of Ottawa, between the cars of appellant and appellee, was a third car driven by a man by the name of Stephenson, and that appellee's son started to drive around the cars of Stephenson and appellant; that when appellee's car was along side of appellant's car, appellant turned to the east and appellant's car struck appellee's car. Appellant insists that he started to turn east on an east and west highway, and that appellee's car struck his car. Appellee was injured and his car was damaged. No question is raised with reference to the amount of the damages assessed by the jury.

It is insisted by appellant that he was not negligent in turning to the left as he did. The evidence discloses that appellant did not indicate by holding out his hand that he was intending to turn east on said east and west highway, off of the Bloomington Road, but he insists that his stop light indicated that he was stopping, and that that should have been sufficient notice that he was likely to turn; that appellee's car had been following immediately behind appellant's car, and that the driver of appellee's car should have seen said stop light.

It is also urged by appellant that instructions one and two, given on behalf of appellee, are erroneous, and that said instructions, and each of them, directed a verdict; that neither of said instructions required

appellee to prove due care on his part just prior to and at the time of the collision.

In view of the conclusion we have reached, we will not discuss in detail the testimony, but will say that in our opinion, it was a question of fact for the jury to determine whether or not appellant was guilty of the negligence complained of in the declaration. Instruction number 1 reads as follows:—

"The Court instructs the jury that this is a suit brought by Andrew Hanusik, plaintiff, against James Hanlon, defendant, to recover damages occasioned to the plaintiff's person and to his automobile on account of the alleged negligence of the defendant, in the driving and operating of his said automobile, on or about September 13, 1925, at a point about two miles south of the City of Ottawa; and if the jury believe from the evidence that the plaintiff, at the time in question, while riding in his automobile, then being driven by his son upon the State concrete highway extending from Ottawa, through the Village of Grand Ridge to Streator, Illinois, and at a point about two miles south of the City of Ottawa, overtook the defendant, who was driving his said automobile in the same direction, and that the driver of the plaintiff's automobile, while in the exercise of ordinary care and skill in the driving of his said automobile, turned to the left side of said concrete highway to pass by the defendant's automobile, which was then being driven at a slower rate of speed, and that as the plaintiff's automobile approached upon the left or east side of the defendant's automobile, in view of the driver of the defendant's automobile upon said highway, the defendant carelessly and negligently turned his automobile towards the left or east side of said highway, and that thereby the same came in contact with, and struck the plaintiff's automobile and caused it to run into the ditch or lower level at the side of said road, by reason of which the plaintiff's automobile was damaged, and

the plaintiff himself, while riding in said automobile, received personal injuries, then the jury should find the defendant guilty.''

It will be seen (1) that the instruction directed a verdict in case of the finding by the jury of certain facts, (2) that it directed a verdict for appellee if his son was not guilty of negligence, but the defendant was, (3) that the plaintiff was not required to use any care for his own safety, (4) that the driver of appellee's automobile was not required to use any care in passing appellant's automobile; he was only required to use care when he was turning out to pass.

There is no evidence in the record showing what appellee was doing at the time his son turned out to pass appellant's car, nor at the time of the collision. Appellee was not a mere passenger at the time, he was the owner of the car and his son was his servant, driving the car for him. The driver therefore was under his authority and direction.

It is conceded that instruction number one, complained of, directs a verdict, and that it does not require appellee to have been in the exercise of due care and caution for his own safety. It was necessary before appellee was entitled to recover to prove that he was in the exercise of ordinary care immediately before and at the time of the injury. In *Gage v. City of Vienna*, 196 Ill. App. 585–591, the court, speaking through the late Justice McBride, said: ''Where an instruction undertakes to state the facts necessary to be proven to entitle a plaintiff to recover, it must contain all of the material facts, and where an instruction directs a verdict, a failure to include all such facts is fatal, and cannot be cured by other instructions in the case. It has always been held that 'where a court directs a particular verdict, if the jury should find certain facts, the instruction must embrace all the facts and conditions essential to such a verdict.' *Illinois Iron & Metal Co. v. Weber*, 196 Ill. 531.''

In *Watson v. Wilber Mercantile Agency,* 183 Ill. App. 231, 232, it was held: "Where an instruction assumes to direct a verdict, if the jury believe from the evidence that certain stated facts are true, it is error to omit from the hypothesis any material disputed element of fact as to which there is any competent evidence, and such an error cannot be cured by other instructions."

*Grifenhan v. Chicago Rys. Co.,* 299 Ill. 590, was a case in which the defendant in error collided with a street car of the plaintiff in error. It appears that the injuries for which the defendant in error recovered her judgment grew out of a collision between a street car of plaintiff in error, and the Ford automobile in which the defendant in error was a passenger. At page 595 the court among other things said: "Plaintiff was a passenger in this automobile, and at the time of the accident was in the rear seat on the left-hand side. The curtains were on the automobile, but plaintiff could see the street car through the transparent windows in the curtain and could see the street car track and the paved roadway through the windshield. Before plaintiff could recover it was necessary for her to prove that she was in the exercise of ordinary care for her own safety, and she was not relieved from that duty because she was riding in an automobile." (Citing *Opp v. Pryor,* 294 Ill. 538.)

In *Bank of Commerce & Savings v. Elkins,* 214 Ill. App. 417–422, in discussing certain instructions that directed a verdict, if certain facts existed, the court used the following language: "This was a mandatory instruction: 'Such an instruction must be complete in its statement of facts which will justify a verdict, and if any material fact or requirement is omitted the instruction will be erroneous. An instruction of that kind is not cured by others, because if the jury obey the instruction they would render a verdict upon the

finding of fact stated in it, regardless of the omitted fact or requirement,'' citing *Chicago & Alton R. Co. v. Kuckkuck,* 197 Ill. 304.

In *Fredericks v. Chicago Rys. Co.,* 208 Ill. App. 172, a passenger sued for damages caused by an injury in a collision of the car in which he was riding with a street car; it was held that he could not recover unless he exercised due care for his own safety, at the time and immediately preceding the accident; that the law imposed on him, the plaintiff, the duty to use such care as he was able and that the burden was on him to establish his freedom from negligence.

In *Carden v. Chicago Rys. Co.,* 210 Ill. App. 155, the plaintiff was a sister of the driver of the car; it was held that she was obliged to exercise ordinary care for her own safety.

In *Sugru v. Highland Park Yellow Cab Co.,* 251 Ill. App. 99, appellee was riding in an automobile driven by her husband. As she was proceeding south along a certain highway, her car collided with the car of appellant, and she was thrown against the windshield and received the injuries for which she instituted suit. A verdict was returned in her favor for $2,500 and judgment rendered thereon. It was urged that appellee was guilty of contributory negligence in driving her car at a dangerous rate of speed, considering the condition of the pavement, and the place through which the road ran; that had she been observing the highway as she should have been, she would have seen appellant's car and called her husband's attention to it in time to have avoided the collision.

The headlights on the car in which appellee was riding were in good condition, but were not turned on; the only lights on the car were the parking or cowl lights, and a spot light, which appellee testified would light the road and focused about 16 feet ahead. She estimated she could see 60 feet ahead of the car, by

the spot light. In our decision of the case, at page 103, we said, "No reason is apparent why appellee did not know that the car in which she was riding was being driven without the headlights burning, or why she did not request her husband to turn on and use them. While it is true the negligence of her husband could not properly be imputed to her, still she was responsible for her own negligence if it contributed to her injury. Where the negligence of the person who receives the injury contributes to the injury, he cannot escape the consequences of his own carelessness. If the person riding in the vehicle knows that the driver is negligent and takes no precaution to guard against injury, he cannot recover, for, in such case the negligence is his own and not simply that of the driver. The plaintiff cannot lawfully omit to use care in blind dependence upon another, but must use care proportionate to the danger of which the facts convey knowledge." *Flynn v. Chicago City R. Co.*, 250 Ill. 460.

*Morgan v. Rockford, B. & J. Ry. Co.*, 251 Ill. App. 127–134, was a collision case, in which the appellant's intestate, at the time of the injury received, was riding in the front seat with one Frank Potter, the driver of the car. In our decision of the case at page 133, we said, "There is no evidence in the record tending to show that appellant's intestate said or did anything evidencing the exercise of any care as said automobile approached said crossing. Frank Potter, the driver, testified, 'The weather was clear, I do not recollect that Mr. Morgan said or did anything.'

"Before a man can recover from an injury alleged to have been caused by the negligence of another, he must prove affirmatively the exercise of due care for his own safety. (Citing *Calumet Iron & Steel Co. v. Martin*, 115 Ill. 358–368; *Werk v. Illinois Steel Co.*, 154 Ill. 427–432; *North Chicago St. R. Co. v. Cossar*, 203 Ill. 608–615; *Walters v. City of Ottawa*, 240 Ill. 259–266.)"

In view of the rule as above indicated, the giving of instruction number one was error. An instruction of this character cannot be cured by other instructions in the case. The instruction did not embrace all of the facts and conditions essential to authorize a recovery.

Instruction number two complained of by the appellant did not, in our opinion, constitute reversible error.

For the reasons assigned, the judgment of the circuit court of La Salle county will be reversed and the cause remanded.

*Reversed and remanded.*