**Louis Starr, Personally and as Next Friend for George Starr, Minor, and Maryan Chepusovich, Appellees, v. Louis Rossin, Appellant.**

Opinion filed November 8, 1939.

Pope & Driemeyer, of East St. Louis, for appellant.

Beasley & Zulley and Curt C. Lindauer, all of East St. Louis, for appellees.

Mr. Justice Culbertson delivered the opinion of the court.

This is an appeal from three judgments against Louis Rossin, in favor of Louis Starr, individually, for

$59.60; of George Starr, a minor, of $1,000 (through his father as next friend); and of Maryan Chepusovich, for $1,500.

Louis Starr was the owner and driver of an automobile in which his minor son, George Starr, 13 years of age, and his neighbor, Maryan Chepusovich, were riding with him as passengers. All three plaintiffs appellees (hereinafter called plaintiffs) were riding in the front seat of Louis Starr's automobile. The defendant appellant (hereinafter called defendant), Louis Rossin, a grocer, was driving along U. S. Highway No. 40 at a point where such highway has four lanes. The plaintiffs were in the automobile of Louis Starr, and were riding behind the automobile of Louis Rossin at a distance of between 35 to 48 feet. Both automobiles were traveling at the rate of about 35 to 40 miles per hour when defendant stopped or slowed down suddenly preparatory to, or in the course of, making a left turn. The automobile of plaintiff Louis Starr thereupon collided with the automobile of the defendant, and as the result of such collision, damages for personal injuries, and to the automobile of plaintiff, were claimed as against defendant.

The complaint charges that the said defendant, while driving eastwardly on the four-lane U. S. Highway No. 40, and without giving an appropriate hand signal, or warning, and in violation of sections 60, 65, and 67 of the motor vehicle law of the State of Illinois, proceeded to make a left-hand turn, and to cut across the other three lanes of the highway; that in so doing he suddenly stopped, and that defendant thereby caused a collision between his automobile and that in which the plaintiffs were riding, resulting in the damages complained of. The case was tried before a jury, who returned verdicts upon which the judgments were based. Defendant's motion for peremptory instruction, his motion for judgment *non obstante veredicto*, and his motion for new trial, were denied, and the de-

fendant appealed from the three judgments entered in favor of the plaintiffs.

Defendant relies for reversal upon the contention that the court should have allowed his motion for a directed verdict, or for judgment notwithstanding the verdict, or for a new trial. Defendant also contends that the judgments are contrary to the law and the evidence, because each of the plaintiffs were guilty of contributory negligence, and because the defendant was not guilty of negligence. Defendant also complains of certain given and refused instructions which will be discussed later in the opinion, and additionally contends that the verdicts are excessive. The latter contention as to the amount of the verdicts, while assigned as error, is not discussed in the argument, and under the circumstances will be considered as waived and will not be further considered in this opinion (*People v. Herrin*, 295 Ill. App. 590, 592; *Trust Co. of Chicago v. Iroquois Auto Ins. Underwriters, Inc.*, 285 Ill. App. 317).

There is some conflict in the evidence, but the evidence of the plaintiffs fairly tended to establish that the defendant failed to signal with his arm in any fashion that he was about to make a left turn, or about to stop in the process of making a left turn. The only other signal which was given was the automatic lighting of the rear lights when the defendant applied his brakes. The evidence showed that the brakes were applied suddenly, and that the stop which the defendant made was abrupt. Defendant attempted to establish that he had signaled his intention to make a left turn by holding out his arm for a distance of about 100 feet. On the basis of the record, however, there was sufficient evidence fairly tending to sustain the causes of action of each of the plaintiffs.

In the state of the record the question of due care on the part of each of the plaintiffs was clearly a question of fact for the jury to determine, and it cannot be said,

as a matter of law, that it is negligence for a driver of one motor vehicle to follow another motor vehicle ahead of him within 35 to 48 feet. Under the circum-stances the question of due care on part of the plain-tiffs, and proof of defendant's negligence, also raised a question for the jury, and it was not the province of the trial court to direct a verdict, or to enter a judg-ment notwithstanding the verdict (*Blumb v. Getz,* 366 Ill. 273, 277; *Ulbricht v. Western Coach Lines,* 289 Ill. App. 164, 165; *St. Clair Nat. Bank of Belleville v. Monaghan,* 256 Ill. App. 471). This has been the con-clusion of the courts in factual situations such as are involved in the instant case (*Hanusik v. Hanlon,* 258 Ill. App. 114, 118; *Greene v. Citro,* 298 Ill. App. 25, 30).

It is earnestly contended by defendant that the com-plaint of plaintiffs which charged the defendant with failure to give a signal by hand and arm before coming to a stop, and in not charging that the defendant failed to give a signal by a signal lamp or signal device, failed to state a cause of action, on the theory that the de-fendant signaled his intention to stop, or slow down, by lighting two red lamps in the rear of his car when he applied his brakes, and thus complied with the statute. No objection was made in the trial court to this para-graph of the complaint. The defendant joined issue on the charges of negligence stated in the complaint by denial of such charges. The case was tried upon that theory, that is, upon the theory stated in the complaint that the negligence of the defendant consisted in his omission to give the proper signals before making a left turn and without a proper hand and arm signal before stopping.

By his failure to make an objection before the trial court regarding the sufficiency of the complaint as to the specific charges of negligence, the defendant waived objection to form, or of substance (*Farmer v. Alton Building & Loan Ass'n,* 294 Ill. App. 206; *Car-son-Payson Co. v. Peoria Terrazzo Co.,* 288 Ill. App.

583; *Chamblin v. New York Life Ins. Co.*, 292 Ill. App. 532). Section 42 (3) of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, par. 166; Jones Ill. Stats. Ann. 104.042], expressly provides that all defects in pleadings, either in form or in substance, not objected to in the trial court, shall be deemed to be waived. Under the circumstances, defendant cannot now insist that the portion of the complaint discussed here, is insufficient (*Farmer v. Alton Building & Loan Ass'n, supra*).

Defendant has likewise contended that the plaintiffs violated section 61 (a) of the Uniform Act Regulating Traffic on Highways [Ill. Rev. Stat. 1937, ch. 95½, par. 158; Jones Ill. Rev. Stats. 85.190] of the State of Illinois, in that the car in which plaintiffs were riding was following defendant's car more closely than was reasonable and prudent having due regard for the speed of the vehicles. It should be readily apparent that (as has been indicated above in this opinion) this court cannot arbitrarily say that any of the plaintiffs were guilty of contributory negligence by virtue of the fact that the automobile in which they were riding, or driving, was within 35 or 48 feet of that of defendant. The question was one for the jury under all the facts and circumstances. No arbitrary rule, under such circumstances, can be fixed by the court, nor, under the circumstances, can the plaintiffs be charged with the duty to anticipate any violation of law by the defendant, which might cause such collision as occurred in the instant case (*Trout Auto Livery Co. v. People's Gas Light & Coke Co.*, 168 Ill. App. 56, 59; *Kilroy v. Justrite Mfg. Co.*, 209 Ill. App. 499).

The second instruction given on behalf of plaintiffs, after advising the jury that if the plaintiff, George Starr, acted in a manner that any other boy of his "age, intelligence, and experience" would have acted, advised the jury that "you may consider such age" without specifying again the elements of "intelligence" and "experience." Defendant complains of

such instruction because of such omissions. The instruction does not undertake to direct a verdict, but simply advises the jury that it may consider such age. Under the view this court takes of the case, any error in such instruction, at the most, was harmless, and certainly not prejudicial, nor a sufficient basis for reversal under the facts presented in the record.

Defendant likewise complains of the court's refusal to give an instruction which purported to review the statutory provisions relating to signal lamps or signal devices. Given instructions numbered 4 and 5, insofar as was pertinent under the evidence and the issues before the jury, sufficiently instructed the jury as to signaling. It was, therefore, not reversible error to refuse to give the instruction tendered.

Instruction No. 17 tendered on behalf of defendant, consisted of a recital of the provisions of section 61(a) of the Uniform Act Regulating Traffic on the Highways. Such instruction was merely a repetition of an instruction given on behalf of defendant which refers to the same statute, and the refusal to give such instruction, under such circumstances, was proper.

Defendant, likewise, complains that the court erred in refusing to give the following instruction: ''Now, the Court further instructs you that if you believe from the evidence in this case that the plaintiff, Louis Starr, was driving his motor vehicle in the rear of defendant's car, and that he drove it more closely to defendant's car than was reasonable and prudent, having due regard for the speed of both cars and the traffic upon and the condition of the highway, and that his so driving of his car was in violation of the statutes above quoted and caused or contributed to cause the collision and resulting injuries, and that the defendant was not negligent, then the Court instructs you that none of the plaintiffs are entitled to recover any damages in this case, and you should find the defendant, Louis Rossin, not guilty.'' Such instruction is obviously

erroneous in that it attempts to tell the jury that if plaintiff, Louis Starr, was negligent in driving too close to the defendant's car, in violation of the statute, that *none* of the plaintiffs would be entitled to recover, and directs the jury, under such circumstances, to find the defendant not guilty. Such instruction (even though it contains a recital as to defendant's freedom from negligence) would obviously tend to confuse the jury in that it gives no consideration whatever to the question of due care and caution on the part of the two plaintiffs who were passengers of the automobile of Louis Starr. The court's refusal to give such instruction was, therefore, proper.

This court must, therefore, conclude that there is no prejudicial error in the record which justifies a reversal and that the evidence fairly tends to sustain the judgments appealed from. Such judgments are accordingly affirmed.

*Affirmed.*