Cecil Karraker, Appellee, v. Dubois Smith, Appellant.

Term No. 47,018.

Opinion filed January 26, 1948. Released for publication February 26, 1948.

PEYTON BERBLING, of Cairo, for appellant.

JOHN G. HOLLAND, of Cairo, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment in the amount of $3,000, entered in the circuit court of Alexander county, in favor of appellee, Cecil Karraker (hereinafter called plaintiff), and against appellant, Dubois Smith (hereinafter called defendant). Motion for judgment *non obstante veredicto*, or in the alternative, for a new trial, was seasonably made and denied and this matter now comes on before us on appeal.

An examination of the evidence discloses that this case involves a collision between an automobile and a motorcycle. It appears that on the evening of July 14, 1946, plaintiff was riding his new motorcycle

south on Sycamore street in Cairo, Illinois, behind the automobile being driven by the defendant herein. It appears that Sycamore street is between 36 and 40 feet wide, making each traffic lane 18 to 20 feet wide. The car of defendant had been proceeding down Sycamore, on the west side thereof, at a speed estimated by its driver and the occupants thereof at from 15 to 20 miles an hour. The defendant herein had noticed the motorcycle of the plaintiff following him for about 150 feet prior to the time of the accident. The night was clear and the pavement was dry. Plaintiff testified he had been proceeding along behind the car for about a block. The car driven by the defendant herein had proceeded a very short distance south across 29th street, when, defendant contends, he brought his car to a stop for the purpose of discharging one of his passengers at that place. Defendant contends that between 29th street and 30th street he started slowing to a gradual stop and that he gave a hand signal of his intention to stop for at least 100 feet, and that his car had been stopped for a few seconds before the motorcycle crashed into its rear. The witnesses Bolden and Coleman, who were passengers in defendant's car, gave some support to the testimony that defendant was making a gradual stop and that he had his brakes on and that the car had been stopped for a few seconds before the motorcycle crashed into it.

Plaintiff testified he was driving behind the defendant and that they were both moving along south at about the same speed at a distance of about 18 or 20 feet separating the two vehicles, and that after they passed the intersection of Sycamore and 29th streets the defendant made a sudden stop and that as he did so the plaintiff looked to see if he could pass by the defendant, but there was no room for him to pass between the defendant's car and a car coming in the other direction as plaintiff contends defendant's car was "pretty much in the middle of" the south-bound

lane so that he could not pass on either side. Plaintiff testified he was watching the car and driver in front of him and that defendant did not give, at any time, a hand signal indicating he was intending to stop, nor did plaintiff notice any tail-light or stop light go on on defendant's car prior to the time of the accident. Plaintiff testified he applied his brake and did everything he could to keep his motorcycle under control, but that the back wheel of the motorcycle locked and the back end of the motorcycle came around toward the front end and he slid towards the car approximately 15 feet, striking the left rear fender of the defendant's car in the middle of the south-bound traffic lane.

Plaintiff received substantial injuries as a result of the accident and as the size of the verdict is not challenged on this appeal a discussion of plaintiff's injuries in this opinion could serve no useful purpose.

Other witnesses were called to testify as to the position of the car and the motorcycle after the happening of the accident, and some other witnesses living in the neighborhood testified having observed defendant's car and described the stop he was making as a "gradual" stop.

██ It is contended on this appeal that there is no adequate proof of due care on part of plaintiff for his own safety as required by law, and that there is no adequate proof of any negligence on part of the defendant, and it is further contended that the verdict is against the manifest weight of the evidence, and against the law. A careful examination of the evidence persuades us, and we so hold, that the question of due care on part of plaintiff for his own safety and the question of negligence on the part of defendant were questions that were properly submitted to the jury for their determination and the jury having decided them adversely to the defendant we are not disposed to say that the jury was not warranted in so

doing (*Starr v. Rossin*, 302 Ill. App. 325; *Manzeske v. Yellow Cab Co.*, 322 Ill. App. 280). . The questions were for the jury under all the facts and circumstances.

■ Nor are we disposed to say that the verdict in this case is against the manifest weight of the evidence. ''There are many things which a jury observes on the trial in such cases that do not appear from the printed word. The appearance of the respective witnesses and their manner of testifying, and a great many other circumstances. They are in much better position in such cases to determine the truth of the matter in controversy than a court of review. Under the law we cannot disturb the verdict of the jury, unless it is clearly against the manifest weight of the evidence (*Schneiderman v. Interstate Transit Lines, Inc.*, 331 Ill. App. 143).''

■ ■ The jury, as a fact-finding body, is of such importance that an abridgment of its functions in this regard and an appropriation of them by the judges would mean the forsaking of a valued tradition in our system of jurisprudence. The utmost caution should be exercised not only by trial courts, but by the reviewing courts, to uphold the sanctity of the trial by jury (*People v. Hanisch*, 361 Ill. 465, 468).

No reversible error appearing in this record, the judgment of the circuit court of Alexander county is hereby affirmed.

*Judgment affirmed.*

SMITH and BARTLEY, JJ., concur.