## City of Chicago v. Mary A. Gurrell.

### Gen. No. 13,401.

1. SIDEWALK—*what essential to liability of city for injury resulting from defective condition of.* A city is not deemed guilty of negligence with respect to a defective condition of a sidewalk unless it has knowledge or notice of such defective conditions rendering the sidewalk in question unsafe or unless in the exercise of reasonable diligence it should have had notice of such defective condition.

2. SIDEWALK—*what notice to city of defective condition of.* If the defective condition of a sidewalk has existed for such a length of time that in the exercise of ordinary and reasonable care to keep the sidewalk in a safe condition the city should have known that it was not safe, then liability may arise because of negligence in this respect.

3. DAMAGES—*when evidence of payment of doctor's bills competent.* It is immaterial where a married woman obtains the money with which to pay doctors' bills. It is enough if the bill is hers and she paid it, to entitle proof of it in an action for personal injuries.

4. EVIDENCE—*what not competent as to general reputation for truth and veracity.* The opinion of an individual witness as to the reputation of truth and veracity of another is not competent for purposes of impeachment.

5. EVIDENCE—*what competent as to general reputation for truth and veracity.* The fact that a witness testifying to the general reputation for truth and veracity of another has not heard such reputation under discussion, does not render the evidence incompetent.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed December 6, 1907.

**Statement by the Court.** This is a suit to recover for personal injuries to appellee claimed to have resulted from a fall occasioned by a defective plank sidewalk, which it is alleged appellant had negligently maintained with knowledge of its defective condition for six months previous to the accident.

Plaintiff's account of the accident is to the effect that on a Sunday morning, being the twenty-ninth of December, she was going from Lawndale avenue west on the north side of Indiana street, Chicago, on her way to church, that she stepped over the curbstone and took four or five steps when a board of the sidewalk broke under her and she fell. She states that the board was decayed on the end, that it "tipped back," that she fell backward on her hand and also struck her head. Her two daughters helped to lift her up and she "walked in the prairie from the sidewalk up around the corner of the curbstone." There is testimony tending to show that her hand was injured, her wrist fractured, that her right shoulder was dislocated, her head injured and that she was hurt and bruised in other respects. She states that she fell "because the board broke," that "the end broke off the board" about five or six inches from the stringer; that the planks were between five and six feet long and seven and eight inches wide, that the walk at that place looked all right, but that there were boards out west of where she fell, as she knew at the time. She says she thought the board she stepped on was all right until it broke under her feet, that it appeared all right until she stepped on it, that she afterward noticed that it was decayed and that it "broke right off in little pieces." She states the morning was not very cold, that there was no snow or ice on the side-

walk and that it was not stormy weather. There is evidence in behalf of defendant tending to show that snow might have been falling that morning.

Defendant introduced evidence to the effect that plaintiff did not' fall on the sidewalk, but some five feet away·from it. The jury, however, found· defendant guilty and assessed plaintiff's damages at $1,000. The defendant appeals.

FRANK D. AYERS, for appellant; EDWARD C. FITCH and GUSTAV E. BEERLY, of counsel.

CYRUS J. WOOD ·and C. A. SURINE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of the defendant that the city should not be held liable since, it is said, it had no actual or constructive notice of the defective condition of the board or plank in question which plaintiff claims broke under her weight, in time to enable the city in the exercise of ordinary care to repair the defect. This contention is based wholly upon the evidence in behalf of plaintiff, to the effect that the alleged defective board "looked all right." It is not disputed that the city is responsible only for the exercise of reasonable diligence in keeping its streets and sidewalks in a reasonably safe condition for use of those traveling over them. A city is not deemed guilty of negligence in this respect unless it has knowledge or notice of defective conditions rendering the walk unsafe, or in the exercise of reasonable diligence should have had. See City of Chicago v. Watson, 6 Ill. App. 344. If the defective condition has existed for such a length of time that in the exercise of ordinary and reasonable care to keep a sidewalk in a safe condition the city should have known that it was not safe, then liability may arise because of negligence in this respect. In the case before us there is

evidence tending to show that the walk in question was at the time of the accident "an old plank. walk" "pretty well worn," that "some of the boards were loose, some of them missing," that the planks "were rotten in places and were loose." There is other testimony to the same effect. If this testimony is to be relied upon it is apparent the jury were warranted in concluding the condition of the sidewalk to have been manifestly such as to require in the exercise of ordinary diligence an examination by the city as to its safety, if the public were to be invited to continue to use it; and to conclude further that such condition had existed long enough so that the city should in the exercise of ordinary care have had knowledge of it.

It is urged there is evidence tending to show the accident did not occur on the sidewalk, but some feet from it. We have considered this evidence with care and are of opinion that it raised a question of fact for the jury upon which, in view of the conflict of evidence, we ought to deem ourselves concluded by the verdict. It is argued, however, that appellee if walking "upon a notoriously defective and dangerous sidewalk, with knowledge of the defect and danger, is presumably guilty of contributory negligence." The plaintiff testified that while she knew there were boards out west of where she fell, the walk "looked all right" and she "thought it was perfectly sound" at that place.

It is contended there were errors in the admission and exclusion of evidence which should reverse the judgment. The plaintiff testified that her husband gave her the money to pay doctors' bills, and the contention is that appellee herself is not shown to have paid money for doctors' bills, and that the bills are not shown to be usual and ordinary charges for the services rendered. The witness testifies that she "paid the bills" herself. Where or how she got the money, whether it was borrowed or given to her is not material if the debt was hers and she paid it. She men-

tioned items so paid and they do not appear and are not claimed to have been extravagant. There is evidence tending to show that such bills were necessarily incurred by reason of the plaintiff's alleged injuries.

It is argued the court erred in refusing to strike out certain testimony introduced to rebut evidence in behalf of the defendant attacking plaintiff's reputation for truth and veracity. The especial purpose of the impeaching evidence was to discredit plaintiff's testimony as to where the accident occured, a material matter upon which there was direct conflict. Some of the witnesses who were called by plaintiff in rebuttal testified that they knew her general reputation in this regard, and that it was good, but stated on cross-examination that they had not heard others in the neighborhood refer to her general reputation at all, and had never heard her reputation for veracity called in question. The opinion of the individual witness as to reputation for truth and veracity of another is not competent for purposes of impeachment. Gifford v. The People, 148 Ill. 173-177. But in the case at bar, the witnesses whose testimony is objected to had testified respectively that they knew the plaintiff's reputation for truth and veracity in the community where she lived and that it was good. It is true that on cross-examination they stated they had not discussed her character in this respect with others. But as said by the court in the case last referred to, cited by defendant's attorneys: "It is not necessary, as seems to have been supposed by counsel on both sides in this case, that witnesses should have heard any considerable number of the neighbors of the witness sought to be impeached or sustained speak of his reputation for truth and veracity. It may very well be that the reputation for truth and veracity or chastity, or common honesty of a person may be known among his neighbors and acquaintances without having heard it generally discussed. Indeed, one whose word passes current among his associates and neighbors or who is

received and accepted by society as a virtuous man or woman or whose honesty is not questioned in the community in which he lives will ordinarily excite no discussion or comment, and yet every person in the community knows that he or she is accepted, recognized and reputed to be a truthful, virtuous or honest person.'' In the present case, the witnesses in question did not volunteer their own opinions as to plaintiff's truth and veracity. They testified that they knew her general reputation in that respect and that it was good. The fact that they had not talked with others in reference to it was brought out on cross-examination. Such fact did not make their testimony as to her general reputation incompetent. It merely tended to affect its weight. The motion to strike out the evidence of such witnesses was properly denied.

Complaint is made of certain instructions. The objections urged are extremely technical and are not, we think, well taken. They certainly fail to point out any substantial or reversible errors and no sufficient reason appears for considering them in detail and at length. Finding no reversible error, the judgment of the Superior Court must be affirmed.

*Affirmed.*