to the contrary.  The provision in the Act of 1893, requiring the bonds to recite that they are payable *solely* out of a specified instalment when collected, is equivalent to an express statement that the liability of the municipality thereon is limited to the collections upon the instalment so specified.  A similar conclusion on this point was reached by this court in *Barber Asphalt Paving Co. v. City of Chicago,* 139 Ill. App. 129, 131.

It follows from what has been said above that in our opinion the trial court erred in applying the proposition of law above quoted to the facts of this case.  As a general abstract proposition of law it is correct when applied to assessments levied under the present Local Improvement Act and to bonds issued under section 86 of that act as amended in 1901.  But it has no application to assessments levied and bonds issued under prior acts.  For this reason, the judgment of the Circuit Court must be reversed.  The case having been tried by the court on a stipulation of facts, it will not be remanded, however, but judgment will be entered in this court in favor of appellee and against appellant for $307.10, being the amount, with interest, admitted to have been wrongfully disbursed out of the moneys collected upon the fifth, sixth, seventh, ninth and tenth instalments.

*Reversed and judgment here.*

John A. Watson, Appellee, v. Wilber Mercantile Agency, Appellant.

Gen. No. 18,435.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1912.  Reversed and remanded.  Opinion filed November 20, 1913.

Jvanowski v. Spring Valley Coal Co., 183 Ill. App. 232.

## Statement of the Case.

Action by John A. Watson against Wilber Mercantile Agency to recover attorney's fees for services claimed to have been rendered by plaintiff for defendant at the latter's request. From a judgment in favor of plaintiff, defendant appeals.

BRYAN, DUVAL, McCORMICK & WILBER, for appellant.

BASTRUP & O'NEILL, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 137*—*when instruction erroneous.* In an action for attorney's fees claimed to have been rendered to defendant by plaintiff at defendant's request, an instruction which directs a verdict for plaintiff and ignores defendant's contention that he acted as agent of a third party in hiring plaintiff, of which there was evidence, *held* erroneous.

2. APPEAL AND ERROR, § 1646*—*when erroneous instruction not cured by other instructions.* Where an instruction assumes to direct a verdict if the jury believe from the evidence that certain stated facts are true, it is error to omit from the hypothesis any material disputed element of fact as to which there is any competent evidence, and such an error cannot be cured by other instructions.

## Stanislaw Jvanowski, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 18,451.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed November 20, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.