## T. E. Gage, Appellee, v. City of Vienna, Appellant.

1. TRIAL, § 153*—*when sufficiency of evidence question for jury.* The question whether the evidence is sufficient to warrant a verdict for plaintiff is for the jury under proper instructions.

2. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to sustain verdict.* In an action against a city to recover for personal injuries alleged to have been due to the negligence of defendant in permitting a public street to be obstructed and in a defective condition, where plaintiff's horses ran away and he was thrown from his wagon striking the tongue of a vehicle standing in such street, evidence *held* sufficient to warrant a verdict for plaintiff.

3. MUNICIPAL CORPORATIONS, § 1088*—*when evidence that other vehicles standing in street at time of accident admissible.* In an action against a city to recover for personal injuries alleged to be due to defendant's negligence in permitting its street to be obstructed and in a defective condition, where plaintiff's horses ran away and plaintiff was thrown from his wagon, striking the tongue of a vehicle standing in such street the admission of evidence that other vehicles were standing in the street in the vicinity of the vehicle whose tongue plaintiff struck, *held* not erroneous, such testimony being competent as showing notice to defendant of the condition of the street, but not as showing other independent acts of negligence.

4. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to sustain finding that street is a public street.* In an action against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a city to recover for personal injuries alleged to be due to the negligence of defendant in permitting its street to be obstructed and in a defective condition, where there was no evidence of a formal platting or dedication of such street as a public street, a finding that such street was a public street *held* warranted, where the evidence showed no dispute as to its character and where there was evidence that it was so called by the witnesses and had been so used, and where it appears that city officials had charge of it and had caused vehicles standing therein to be moved.

5. MUNICIPAL CORPORATIONS, § 971*—*what is duty of city to keep streets safe.* A city is not bound to keep its streets absolutely safe, and is only bound to use reasonable care to keep such streets in a reasonably safe condition for ordinary travel thereon by persons using due care for their own safety.

6. MUNICIPAL CORPORATIONS, § 971*—*when instruction as to duty of city as to condition of streets erroneous.* In an action against a city to recover for personal injuries alleged to have been due to the negligence of defendant in permitting its streets to be obstructed and in a defective condition, instructions that it was the duty of defendant to keep its public streets in a reasonably safe condition and reasonably free from obstructions, *held* erroneous as requiring of defendant a degree of care higher than that required by law.

7. MUNICIPAL CORPORATIONS, § 1100*—*when instruction must contain element of notice.* In an action against a municipal corporation to recover for injuries due to the defective condition of public streets, notice, either actual or constructive, on the part of such municipal corporation of the defective conditions alleged, as being obstructed or out of repair, is one of the essential elements to be proved to enable plaintiff to recover, and an instruction directing such a verdict in such an action must contain such element.

8. INSTRUCTIONS, § 1*—*when must contain all facts essential to verdict.* Where an instruction directs a particular verdict, if the jury find particular facts, the instruction must embrace all the facts essential to such a verdict, and a failure to do so is fatally erroneous, and cannot be cured by giving other instructions.

9. MUNICIPAL CORPORATIONS, § 1048*—*when due care must be exercised to avoid injury.* In an action against a city to recover for personal injuries alleged to be due to the negligence of defendant, where the conditions leading up to the injury were set in motion prior to that time, plaintiff is bound to exercise due care as to the manner in which such conditions were so set in motion as well as at the time of the injury, and a failure to do so will bar a recovery.

10. MUNICIPAL CORPORATIONS, § 1100*—*when instruction as to ex-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*ercise of due care erroneous.* In an action against a city to recover for personal injuries alleged to have been due to the negligence of defendant in permitting its streets to be in a defective and improper condition, where at the time of such injuries plaintiff's horses were running away, instructions that plaintiff, in order to recover, need show that he was in the exercise of due care only at the time of the injury, *held* reversible error, the conditions leading up to the accident having been set in motion prior to the accident.

Appeal from the Circuit Court of Johnson county; the Hon. W. W. CLEMENS, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed September 1, 1915.

G. W. BALLANCE and SPANN & SPANN, for appellant.

O. R. MORGAN, for appellee.

Mr. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

The appellee recovered a judgment for $1,000 in the Circuit Court, to reverse which the appellant prosecutes this appeal.

The appellee was injured upon the streets of the City of Vienna on about April 3, 1914, by being thrown from a buggy while traveling upon the streets.

It appears from the evidence that on that morning the appellee drove down in town in what he called his "red mail wagon" and on the way down town the horses tried to run. Appellee secured a new pair of check lines and then hitched the team of horses to an open buggy and again started down town, at which time, as he says, one of the horses was frisky and the other one became frightened and ran away; ran down 6th street, over a crossing and struck the tongue of a wagon that was standing on the side of the street, over next to the building, and the buggy ran upon the wagon in such manner as to throw the appellee to the ground, whereby he was badly injured.

The evidence tends to show that the crossing near

where he was thrown from his buggy was a few inches higher than the level of the ground, and that there was a gradual slope so that at some distance away from the crossing the ground was very much lower than the crossing. The street extends north and south and the wagon was upon the east side of the street, standing north and south with the street, with the tongue turned somewhat into the street, and the point where the wheels struck the tongue was about four or five feet from what is known as the Ferris building. At the distance of about ten feet south of the brick crossing referred to, the street is about two feet lower than the crossing, and the point at which the buggy wheels struck the wagon tongue was some fifteen or eighteen feet from the crossing, and, as some of the witnesses described it, when it struck the tongue it never struck the ground until it went over the wagon.

It also appears from the evidence of some of the witnesses that there was another wagon upon the other side of the street but not directly opposite this wagon, and it appears that from time to time for two or three years back that wagons had stood in and about the sides of this street, and near the livery stable. It also appears that the street was of the width of about sixty feet, and that a space of about thirty feet was kept open for travel. The wagon that was struck by plaintiff's buggy was placed there on the evening before, and the injury to plaintiff occurred in the morning of April 3rd. It appears from the testimony of the witnesses that wagons were often seen upon the side of this street, but not in the traveled portion of the street, and appellant claims that there was sufficient room for the ordinary travel on the street.

There are three counts to the declaration. The first count charges that it was the duty of the defendant to keep and maintain its said streets, street crossings and sidewalks in a safe condition and repair and free from obstructions, and that it knowingly and negligently

allowed and permitted the said street crossings to be and remain in an unsafe and dangerous condition, and obstructed by wagons, buggies, plows, etc., so that persons traveling along said street were in great danger of their lives and limbs, all of which defendant then had notice. Also that it had suffered and permitted the earth and dirt to wash and wear away from the south side of said street crossing to the depth of two feet, for the space of three years or more, and then avers that while driving along the street and exercising due care and caution that his horses became frightened and unmanageable and ran over said street crossing into and upon a wagon standing upon said street, and he was thereby thrown from his buggy and injured.

The second count charges the same duty and negligence as to permitting wagons and other vehicles to stand in the street, and concludes with the same averment as in the former count.

The third count is the same as the first count, limiting the negligence there charged to permitting the crossing to become and remain out of repair and in a dangerous condition.

It is insisted by counsel for appellant that the evidence in this case is not sufficient to warrant a verdict for the plaintiff. This was a question for the jury to determine under the evidence and proper instructions, and if the jury had been properly directed we would not be inclined to disturb the verdict on that account.

It is also contended that the court erred in admitting evidence of other vehicles and wagons standing in the vicinity of this one. We do not regard the admission of this testimony as erroneous, and while it was not competent for the purpose of showing other independent acts of negligence, yet it was proper and competent for the purpose of showing notice to the defendant of the condition of the street, and we think this doctrine is well sustained by the Supreme Court in the *City of Taylorville v. Stafford,* 196 Ill. 288.

It is also insisted by counsel for appellant that the street is not shown by the evidence to have been a public street. It is true the evidence does not show a formal platting or dedicating of the street, yet it does appear that it was used as a street, called by all the. witnesses a street and described by some of them as extending to the corporate line. The city marshal and street inspector had charge of it and at times prior to this ordered vehicles to be moved, and there is no dispute, so far as the evidence is concerned, that it was a street and we believe the jury were warranted in finding it to be a street. In another trial, however, this may be remedied by more complete proof.

It is next insisted by counsel that the instructions given embodied the idea that it was the duty of the defendant to keep its streets in a safe condition for travel, and that as the city was not an insurer of safety upon its streets that this was a higher duty than was enjoined by the law. Upon examination of the declaration and some of the instructions given by the court on behalf of the plaintiff, we find that the case was tried upon the theory that it was the duty of the defendant to keep its streets in a reasonably safe condition for travel, and reasonably free from obstructions. As we understand the law, the duty enjoined upon the city is to use reasonable care to keep its streets in a reasonably safe condition for travel. This is all that is required of the city. ''The city is not bound, under the law, to keep its streets absolutely safe. It is only bound to use reasonable care to keep its streets reasonably safe for ordinary travel thereon by persons using due care and caution for their safety.'' *Boender v. City of Harvey,* 251 Ill. 228; *Village of Lockport v. Licht,* 221 Ill. 35.

Some of the instructions given on behalf of the plaintiff referred to the declaration for the charges of negligence, and upon examination of the declaration we find that it proceeds upon the theory that it was

the duty of the city to keep its streets in a reasonably safe condition for travel, etc., and while as above stated, the only duty devolving upon the city is to use reasonable care in keeping its streets in a reasonably safe condition, and we think that the instructions requiring that higher degree of care were erroneous.

Complaint is also made of defendant's instruction No. 2, which reads as follows: "The jury are instructed that if they believe from the greater weight of the evidence that the plaintiff, T. E. Gage, suffered injuries as charged in his declaration, that the injuries would not have occurred but for the negligence and want of ordinary care of the defendant, as charged in the declaration, and that the plaintiff at the time of the injury was exercising due care and caution for his own safety, you should find the defendant guilty, and assess the plaintiff's damages, although you may further believe that at the time of the injury the plaintiff's horses were running away and had become unmanageable." It will be observed that this instruction directs a verdict and refers to the declaration for the negligence charged, and the duty and negligence charged in the declaration is of a higher character than required by law. This instruction also omits the elements of notice, either actual or constructive, to the city of the condition of the street. Notice of the condition of the streets upon the part of the city and of the fact that it is obstructed or out of repair is one of the essential things to be proven, and in directing a verdict the instruction must contain the element of notice, either actual or constructive. *Ransom v. City of Belvidere*, 87 Ill. App. 167; *City of Chicago v. Gurrell*, 137 Ill. App. 377.

Where an instruction undertakes to state the facts necessary to be proven to entitle a plaintiff to recover, it must contain all of the material facts, and where an instruction directs a verdict a failure to include all such facts is fatal and cannot be cured by other in-

structions in the case. It has always been held that: "Where a court directs a particular verdict if the jury should find certain facts, the instruction must embrace all the facts and conditions essential to such a verdict." *Illinois Iron & Metal Co. v. Weber,* 196 Ill. 531.

It is also contended that instructions two and three are erroneous in limiting the due care and caution required on the part of the plaintiff to the time of the injury. The evidence in this case discloses that the conditions leading up to the injury were set in motion prior to that time, and such conditions, if carelessly produced by the plaintiff, would bar a recovery, if the plaintiff's team was running away by reason of the carelessness or negligence of the plaintiff, that would be an element to be considered by the jury in determining his due care, and we think that this is the character of case where the due care exercised by the plaintiff must not only extend to the time of the injury but prior thereto as well. The language of these instructions undoubtedly require that the plaintiff should have been in the exercise of due care only at the time of the injury, and the verdict should be for the plaintiff even though the jury may believe that the plaintiff was grossly negligent in starting his team or in permitting them to run away. At least these are the elements that should have been considered by the jury, and we think an instruction of this character is erroneous and condemned in the case of the *Village of Lockport v. Licht,* 221 Ill. 41. The giving of these instructions in the form they were given was error, and of sufficient character to require a reversal of the case.

We do not deem it necessary to comment upon the other objections that are urged to the instructions as those all ready considered are sufficient to require a reversal, and any errors therein may be corrected upon another trial.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*