Florence B. Brewster, Appellee, v. Rockford Public
Service Company, Appellant.

Gen. No. 8,108.

Opinion filed May 3, 1930.

HALL & DUSHER, for appellant.

FRANK E. MAYNARD, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This suit was brought by Florence B. Brewster, appellee, hereinafter referred to as plaintiff, against the Rockford Public Service Company, appellant, hereinafter called the defendant, to recover damages the plaintiff claims to have sustained as a result of the negligence of the defendant.

The injury complained of resulted from a collision between the automobile of the plaintiff and the street car of the defendant, on December 17, 1927, at the intersection of 6th Avenue and 12th Street in the City of Rockford. Sixth Avenue extends east and west and 12th Street extends north and south. The street car

tracks of the defendant extend along 5th Avenue which is one block north of 6th Avenue to 12th Street. The tracks turn south at the corner of 5th Avenue and 12th Street, beyond 6th Avenue. The tracks are in the center of 12th Street, which is a distance of about 350 feet from the south side of the intersection of 12th Street and 5th Avenue, to the north side of the intersection of 12th Street and 6th Avenue. Twelfth Street at its intersection with 6th Avenue is 37 feet and 10 inches in width, and the distance from the east car track to the east side of the intersection of 12th Street and 6th Avenue is 16 feet, 5 inches, and the distance between the rails in the street car track is 4 feet, 9 inches.

The automobile in which plaintiff was riding belonged to her, and was being driven by her husband at her direction and suggestion at the time of the collision. The automobile was being driven west on 6th Avenue, on the right-hand or north side of the street. The street car was coming from 5th Avenue to 6th Avenue. The collision occurred south of the center of the intersection, and in the middle of the afternoon on the day in question.

The declaration consists of two counts. The first charged general negligence. The second count avers the location of the intersections substantially as in the first count, and that the defendant was possessed of an electric car, operated and propelled by electricity upon its line of railway, which was in charge of a servant of the defendant, and was traveling in a southern direction, and then the count continues as follows:—"And the plaintiff avers that while she was riding in said automobile as a passenger therein, as aforesaid, in and along the street or public thoroughfare first above mentioned, and at or near the intersection thereof with the said line of railway of the defendant as aforesaid, she, the plaintiff, was observing a proper regard for her own safety, and was in the exercise of all due care, caution and vigilance.

"And the plaintiff avers that the driver of said automobile in which the plaintiff was riding as aforesaid, at the time and place in question, was using all due care and caution for his own safety, and for the safety of plaintiff, and for the safety of his said automobile, and for the safety of others, and was in the exercise of due care, caution and vigilance.

"Yet the defendant, by its servant as aforesaid, so wilfully, wantonly, carelessly and negligently, and in utter disregard for the safety of plaintiff and others, drove and operated the street car of the defendant, at the time and place in question, that by reason of the wilful, wanton, careless and negligent and improper conduct of the defendant, by its said servant in that behalf, the said car struck and collided with the said automobile, and thereby the plaintiff was then and there thrown with great force and violence out of and from the said automobile," etc.

To the declaration the defendant pleaded the general issue. A jury trial was had resulting in a verdict in favor of the plaintiff, and assessed her damages at the sum of $1,221. At the close of all the evidence a motion was made for a peremptory instruction to find the defendant not guilty, which motion was overruled and the instruction refused. Motions for a new trial and in arrest of judgment by the defendant were made, overruled, and this appeal followed.

The errors relied upon by the defendant in support of its contention for reversal of the judgment, are, that the defendant was not guilty of any negligence; that the plaintiff was guilty of contributory negligence; that improper instructions were given on behalf of the plaintiff, and proper instructions were tendered by the defendant, which were refused.

There may be some basis in the evidence for the contention of appellant that the verdict is against the manifest weight of the evidence, especially in connection with the question of due care on the part of plain-

tiff's husband, her agent in driving and handling of said car, but owing to the view we have reached in the cause, we will refrain from discussing the weight of the evidence further then to say that the evidence is of such character as to render it necessary that the instructions be substantially correct. It is urged by the defendant that the court erred in giving a number of instructions, particularly the 3rd, 8th and 9th. The 3rd instruction is as follows:

"3 . . . The Court instructs the jury that a person, or corporation running a street car along and upon the highway, or public street, must have due regard for the safety of others and must use ordinary and reasonable care under all the circumstances in the case to avoid an injury to others. Therefore, if you believe from the evidence brought out in this case that the defendant by and through its agents and servants could have stopped the street car in question and avoided the accident complained of by the use of ordinary care and caution on the part of the driver of the said street car, and if you further believe from the evidence that the plaintiff was injured as alleged in her declaration without any fault on her part, because of the negligence of the defendant, by and through its servants, in the management of the said street car, then you should find the defendant guilty."

This instruction directs a verdict. It carries throughout the assumption of negligence on the part of the defendant and does not properly leave the question to the jury, and does not submit to the jury the question as to whether or not appellee's husband, the driver of said car, was in the exercise of due care for the safety of appellee and her said automobile.

Instruction 8, complained of by the defendant, reads as follows:—"8. . . . The court instructs the jury that as a matter of law that in order to entitle the plaintiff to recover in this case, it is not necessary for her to show that under no circumstances could she have

avoided the injury to herself, but all that is necessary for her to show by a preponderance of the evidence is that she and the driver of her automobile at the time of the accident in question, and immediately prior thereto, used ordinary and reasonable care and caution for her safety, and that the street car driver or operator was careless in some degree that caused the accident and injury to the plaintiff.''

This instruction informs the jury that in order to entitle the plaintiff to recover, it is not necessary for her to show that under no circumstances could she have avoided the injury to herself, but all that is required for her to show by a preponderance of the evidence, is that she and the driver of her automobile, at the time of the accident in question, and immediately prior thereto, used ordinary and reasonable care and caution for her safety, and that the street car driver or operator was careless in some degree that caused the accident and injury to the plaintiff. We think it is erroneous in stating that in order to entitle the plaintiff to recover, all she would have to do so far as the alleged negligence of the defendant is concerned, is to show that the street car operator was careless in some degree. The rule is that before the plaintiff could recover she must prove that the collision occurred by reason of the negligence on the part of the defendant charged in the declaration or some count thereof, and that such negligence was the proximate cause of the injury.

The instruction is also erroneous in stating to the jury it is not necessary for her, the plaintiff, to show that under no circumstances could she have avoided the injury to herself. Plaintiff and her husband were required to exercise ordinary care for the safety of the plaintiff and her automobile just prior to, and at the time of the collision in question. The instruction is argumentative and its tendency would be to mislead the jury.

Instruction 9 is as follows:—"9. The Court instructs the jury that it was the duty of the driver and operator of defendant's street car, at the time and place of the accident in question, and immediately prior thereto, to have the said street car under such control as to be able to slow up or stop, if necessary, to avoid a collision with other persons or vehicles who were rightfully and lawfully using the public street at the time and place in question, and to exercise ordinary care and caution for the safety of others properly and legally upon the street, and, if you believe from a preponderance of the evidence, that the plaintiff and her husband driving the plaintiff's automobile in which the plaintiff was riding, were rightfully and lawfully using the public street at the time and place of the accident in question, and immediately prior thereto, and that the defendant, by and through its servant or agent, ran, drove, and managed the said street car in a reckless, careless and indifferent manner and thereby caused the accident and injury to the plaintiff, then, you are instructed that the plaintiff should recover in this case, such sum or sums of money as will fully and completely compensate her for her damages and physical injuries received, if any."

This instruction submits to the jury that it was the duty of the defendant at the time and just prior to the collision, to have the said street car under such control as to be able to slow up or stop if necessary, to avoid collision with other persons or vehicles who were rightfully and lawfully using the public street at the time and place in question. So far as the use of the streets or public highways is concerned, all persons have the lawful right to use the same. The question for the jury to determine was whether or not the plaintiff and the driver of her car, just prior to and at the time of the collision, were in the exercise of due care for the safety of the plaintiff and her said automobile.

Said instruction further tells the jury that if they find that the plaintiff and her husband, the driver of the car, were rightfully and lawfully using the public street at the time and place of the accident in question, and immediately prior thereto, and that the defendant by and through its agents or servants, ran, drove and managed the said street car in a reckless, careless and indifferent manner, and thereby caused the accident and injury to the plaintiff, that then appellee was entitled to recover without requiring the jury to find due care on the part of the plaintiff and her husband, the driver of said car, just prior to and at the time of said collision.

This instruction was evidently drawn and given on the theory that the second count of the declaration charged the defendant with wilful and wanton injury to the plaintiff and her automobile. It has already been seen that the declaration avers that the defendant, by its servants, so wilfully, wantonly, carelessly and negligently, and in utter disregard for the safety of others, drove and operated the street car of the defendant, at the time and place in question, that by reason of the wilful, wanton, careless, and negligent and improper conduct of the defendant by its said servants in that behalf, the said car struck and collided with the said automobile, and thereby the plaintiff was then and there thrown with great force and violence out of, and from said automobile.

In *Burns v. Chicago & A. R. Co.*, 229 Ill. App. 170, the court at page 190 said, "It is to be noted that there is a distinction between negligence and wilfulness. Negligence presumes heedlessness, carelessness, even recklessness, without the purpose or intent to injure, while the very gist of wilfulness and wantonness presumes the intent to injure. Negligence is not wilfulness or wantonness, and wilfulness or wantonness is not negligence."

In view of the averments, the second count of the declaration only charges ordinary or common-law negligence. A charge of wilful and wanton conduct is only proper concerning the injury.

Furthermore, it will be observed that said instruction 9 did not submit to the jury the question of wilful and wanton conduct on the part of the defendant, so as to eliminate the question of due care on the part of the plaintiff, had the declaration been one charging the defendant with wilful and wanton injury to the plaintiff. Since the second count charged only general negligence, the instruction was erroneous for failure to require plaintiff and the driver of her automobile, to be in the exercise of due care and caution immediately before and at the time of the collision.

The rule is that where an instruction undertakes to state the facts necessary to be proven to entitle a plaintiff to recover, it must contain all of the material facts, and where an instruction directs a verdict, a failure to include all such facts is fatal and cannot be cured by other instructions in the case. *Gage v. City of Vienna*, 196 Ill. App. 585–591.

Where the court directed a particular verdict, if the jury should find certain facts, the instruction must embrace all the facts and conditions essential to such a verdict. *Illinois Iron & Metal Co. v. Weber*, 196 Ill. 526, 531.

Where an instruction assumes to direct a verdict, if the jury believe from the evidence certain stated facts are true, it is error to omit from the hypothesis any material, disputed element of fact as to which there is any competent evidence, and such an error cannot be cured by other instructions. *Watson v. Wilber Mercantile Agency*, 183 Ill. App. 231, 232.

*Grifenhan v. Chicago Rys. Co.*, 299 Ill. 590, was a case in which the defendant in error collided with the street car of the plaintiff in error. It appears that

the injuries for which the defendant in error recovered her judgment, grew out of a collision between the street car of plaintiff in error and the Ford automobile in which the defendant in error was a passenger. At page 595 the court among other things said, "Plaintiff was a passenger in this automobile, and at the time of the accident was in the rear seat on the left-hand side. The curtains were on the automobile, but plaintiff could see the street car through the transparent windows in the curtains, and could see the street car track and the paved roadway through the windshield. Before plaintiff could recover, it was necessary for her to prove that she was in the exercise of ordinary care for her own safety, and she was not relieved from that duty because she was riding in an automobile."

It is also urged that the court erred in refusing to give its 7th, 8th and 9th refused instructions. Refused instructions 7, 8 and 9, tendered by the defendant, so far as they state correct principles of law, were fully covered by other instructions given on behalf of the defendant.

For the reasons assigned we are of the opinion that the judgment of the circuit court of Winnebago county should be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*