Andrew Kunz, Plaintiff-Counter-defendant-Appellant, v. Raymond Larson, Defendant-Counterclaimant-Appellee.

Conrad Hammer and Helen Hammer, Plaintiffs-Appellees, v. Andrew Kunz, Defendant-Appellant, and Raymond Larson, Defendant.

Martha Silge, Plaintiff-Appellee, v. Andrew Kunz, Defendant-Appellant, and Raymond Larson, Defendant.

## Gen. No. 10,986.

Second District.

August 12, 1957.

Rehearing denied October 2, 1957.

Released for publication November 20, 1957.

Maynard & Maynard, of Rockford (James F. Maynard, of counsel) for Andrew Kunz, appellant.

Fred Lambruschi and Francis Powers, of Chicago, for Conrad Hammer and Helen Hammer, plaintiffs-appellees; Percival Thompson and Theodore L. Hamer, of Chicago (Percival Thompson and Fred Lambruschi, of Chicago, of counsel) for Martha Silge, plaintiff-appellee; Gates W. Clancy, of Geneva (Robert C. Jenkins, of counsel) and Lester E. Williams, of Chicago, for Raymond Larson, defendant-counter-plaintiff, appellee.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

Following an automobile accident on April 17, 1954, Andrew Kunz filed his complaint in the Circuit Court of McHenry County on May 21, 1954, seeking to recover from Raymond Larson damages which he, Kunz, received to his person and property as a result of that collision. The defendant answered and filed a counterclaim which was amended. By this amended counterclaim Larson sought to recover from Kunz damages which he received to his person and property in this collision.

Thereafter on October 19, 1954, Conrad Hammer and Helen Hammer, guest passengers in the Andrew Kunz car at the time of the accident on April 17, 1954, filed their complaint against their host, Kunz, and Raymond Larson to recover damages for the injuries each of them received as a result of the collision. Thereafter and on December 23, 1954, Martha Silge, another guest passenger in the Kunz car, filed her complaint against her host, Kunz, and Raymond Larson to recover damages for personal injuries which she received as a result of the same collision. Answers were filed by the defendants and a reply to the counterclaim of Larson was filed by Counter-defendant Kunz. After the issues had been made up an order was entered upon the motion of Andrew Kunz, consolidating the separate causes for trial. Upon the trial the jury returned verdicts finding Raymond Larson not guilty in each case and finding Andrew Kunz guilty in all cases. Upon the counterclaim of Larson the jury assessed his damages at $27,000 and assessed the damages of Helen Hammer at $20,000, of Conrad Hammer at $1,000, and of Martha Silge at $5,000. Upon these verdicts judgments were rendered and Andrew Kunz appeals.

The evidence disclosed that about 7:15 o'clock on the evening of April 17, 1954, appellant, a retired landscape architect and gardener, sixty-four years of age, accompanied by appellee, Martha Silge, drove his automobile to the bus station at McHenry, Illinois, and there met appellees, Conrad Hammer and Helen Hammer, who were friends of Mrs. Silge. Mrs. Silge was sitting in the front seat at the right of appellant, who was driving the car, and Mr. and Mrs. Hammer were occupying the rear seat. Kunz drove from the bus station to Highway 31, a two-lane paved north and south highway, and turned into that highway and proceeded north. Highway 31 is a through highway.

131

Wonder Lake Road is a black top road running in a northwest and southeast direction. It intersects but does not cross Highway 31 and Highway 31 is protected by a stop sign at the Wonder Lake intersection.

According to the testimony of appellant the accident occurred between dusk and dark about 7:15 in the evening. His car lights were on and when appellant arrived at a point about one hundred feet south of the intersection he turned on his directional signal indicating a left turn and stopped his car about ten feet south of the south edge of the Wonder Lake Road opposite a Wonder Lake Road sign. He testified that when he stopped he could see four hundred to six hundred feet ahead and observed another car coming from the north toward him and after it passed he looked again, saw no car coming, and started to turn to the left and had travelled forty or fifty feet from where he stopped and had crossed the center line of Highway 31 when Martha Silge called "look out Andy" and upon looking he then saw the headlights of the Larson car ten feet away and a moment thereafter the collision occurred.

Highway 31 was straight and fairly level and from the Wonder Lake intersection there was nothing to obstruct the view to the north for eight hundred feet and there was no traffic approaching the intersection on the Wonder Lake Road. The weather was clear and the pavement dry.

The record discloses that Mr. and Mrs. Hammer and Mrs. Silge were conversing with each other just prior to the collision; that appellant did not participate in the conversation and neither Mr. or Mrs. Hammer saw the Larson car until a moment before the accident and neither said anything to Mr. Kunz, the driver. Raymond Larson testified that he was driving south on Route 31 and that he first observed the Kunz car when he, Larson, was about one hundred fifty feet north of

132

the intersection and the Kunz car, at that time, was about one hundred fifty feet south of the intersection. He estimated the speed of his car at approximately forty miles per hour and testified that he slowed down to thirty-five miles per hour, did not see any signal or light indicating a left turn but observed that the headlights on the Kunz car were burning and that his lights were on; that he was looking straight up the road and when his car had entered the intersection the Kunz car turned to the west directly in front of him as it attempted to cross his traffic lane.

Appellant contends (1) that there was no evidence sufficient to sustain the allegations of wilful and wanton misconduct made against him; (2) that appellees, Martha Silge, Conrad Hammer and Helen Hammer, were guilty of the same degree of misconduct as appellant; (3) that the trial court erred in giving an excessive number of instructions which were improper and prejudicial; (4) that the verdicts are manifestly against the weight of the evidence and those in favor of Martha Silge, Helen Hammer and Conrad Hammer were grossly excessive and unsupported by the evidence.

The rule is that where negligence and wilful and wanton counts are both submitted to the jury and a general verdict is returned in favor of the plaintiff, as was the situation here, the proofs must sustain the wilful and wanton counts. (Greene v. Noonan, 372 Ill. 286, 291; Green v. Yeager, 336 Ill. App. 312.) Whether an act is wilful and wanton is a question of fact and depends upon the particular circumstances of each case. (Bernier v. Illinois Central Railroad Company, 296 Ill. 464, 470; Meyers v. Krajefska, 8 Ill.2d 322, 328; Rohrer v. Denton, 306 Ill. App. 317, 324.)

Layton v. Ogonoski, 256 Ill. App. 461, was an action for personal injuries sustained by the plaintiff in a collision between an automobile in which the plaintiff

was riding and an automobile driven by the son of the defendant. It appeared in that case that the driver of defendant's car was proceeding in an easterly direction on Missouri Avenue in East St. Louis, Illinois. He testified that he attempted to turn north, which was to his left, on Eighth Street and as he approached Eighth Street he looked ahead of him for westbound traffic on Missouri Avenue and saw no oncoming traffic. When he had partly completed his turn, he was struck by a westbound automobile in which the plaintiff was a passenger. The defendant contended that his conduct in turning left in front of oncoming traffic did not sustain the charge of wilful and wanton misconduct. In answering this contention, the court said (p. 468): "Whether the negligent conduct of a defendant which has resulted in injury to another amounted to wantonness is a question of fact to be determined by the jury if there is any evidence in the record fairly tending to show such a gross want of care as indicates a wilful disregard of consequences or a willingness to inflict injury. An intentional disregard of a known duty necessary to the safety of the person or property of another and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness such as charges the person whose duty it was to exercise care with the consequences of a wilful injury. Walldren Express and Van Company v. Krug, 291 Ill. 472. There was evidence from which the jury might have found that the driver of appellant's car suddenly turned north at Eighth Street in front of the car in which appellee was riding, without warning or signal indicating his intention to turn, when it was apparent that such a heedless and reckless act would be liable to lead to serious injury to life and property. Appellant's driver testified that before making the turn he looked and

134

did not see the oncoming car in which appellee was riding. In view of the undisputed fact that the car in which appellee was riding had either arrived at Eighth Street or had proceeded across when appellant's driver undertook to cut the corner, the jury might reasonably infer that appellant's driver was not looking or giving proper attention to traffic coming from the east. It is peculiarly the province of the jury to determine under all of the circumstances whether appellant's driver was guilty of such a degree of negligence as could be said to be wilful or wanton. Failure to discover danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care may ofttimes be considered wilful or wanton negligence. Gannon v. Kiel, 252 Ill. App. 550."

Trennert v. Coe, 4 Ill.App.2d 166, was an action by a pedestrian to recover damages for personal injuries sustained by her as a result of being struck by an automobile driven by defendant as she was walking across a public highway at a point other than a cross-walk or intersection. In the course of its opinion this court cited and quoted from Brown v. Illinois Terminal Company, 319 Ill. 326, and said (p. 174): "Failure, after knowledge of impending danger, to exercise ordinary care to prevent it, or a failure to discover danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care —circumstances exhibiting a reckless disregard for the safety of others—constitutes wilful and wanton conduct."

In their argument counsel for appellant state that their client was a "model of caution as he drove from the bus station to the intersection where the accident occurred" and then continue: "For some reason Andrew Kunz failed to see the Larson car approaching from the north. . . . The worst that can be said of

135

Andrew Kunz on the facts as here represented is that he knew, or in the exercise of reasonable care, should have known that the Larson car was approaching. . . . This is negligence only. Negligence and wilful and wanton misconduct are not the same." Counsel then conclude that "the most that can be reasonably inferred from the facts in this case is inadvertence on the part of Andrew Kunz."

██ We agree that there is a distinction between negligence and wilful and wanton misconduct, but under the authorities and all the circumstances as indicated by the evidence in this case (as said by the Supreme Court in Amenda v. Suits, 8 Ill.2d 598, 603), it is quite understandable that a jury and trial court, who had the opportunity of seeing and observing the witness, could reasonably conclude that appellant was guilty of wilful and wanton misconduct and the fact that reasonable persons might differ as to this conclusion or that a court of review in weighing the evidence might differ is of no consequence. Under the evidence found in this record the jury was warranted in finding that no reason appears why Kunz failed to discover the impending danger of a collision with the Larson car, or if he did have knowledge of such impending danger, he failed to do anything when he could have prevented the collision. In our opinion, the evidence sustained the verdicts of the jury and the trial court did not err in its refusal to direct a verdict for appellant.

Nor is there any merit in counsel's contention that the passengers in appellant's car were guilty of the same degree of misconduct as appellant. This contention overlooks the fundamental proposition that Kunz, and not any one of his three passengers, was driving the car. This same contention was advanced in Chapman v. Baltimore and Ohio R. Co., 340 Ill. App. 475, where, in the course of its opinion, the court cited Dees

v. Moore, 335 Ill. App. 318; Rhoden v. Peoria Creamery Co., 278 Ill. App. 452; and Fredericks v. Chicago Rys. Co., 208 Ill. App. 172, and in discussing this problem said (pp. 501–2): "Our view is that there was evidence to make out a prima facie case of wilful and wanton misconduct against Bilthuis. He also asserts that if there is found any evidence in the plaintiffs' case of wilful and wanton conduct on his part, then on the same evidence the plaintiffs were guilty of the same misconduct and the trial court properly directed the jury to return a verdict finding him not guilty. The opportunity of Miss Marchese, who was in the rear seat, to observe was not equal to that of Bilthuis. That Miss Chapman in the front seat had an equal opportunity to see the headlight, is a factual assumption. A driver synchronizes his speed to the time, place and duration of his observation, not to that of his passenger. The car is responsive to the driver's will. Consequently, the driver is enabled to make his observation at as slow a speed as he finds necessary, and the observation and the slow speed can both be prolonged until he is satisfied. Not forewarned as to what will be the minimum speed, nor the duration of it, the passenger makes his observation under difficulties. It is disconcerting to a driver to have a passenger suggest how he shall drive. Unless the passenger sees an obvious danger which the driver might not see, there would be no duty on the passenger to warn the driver. In the instant case neither the passengers nor the driver saw the train until they were a few feet from it. Miss Chapman testified that she had seen Bilthuis look for a train. She had a right to assume that he was looking carefully and to relax her own diligence accordingly on the assurance that he was watching out for her safety. She was a passenger, having no control over the operation of the automobile."

137

■ It is next insisted that the trial court gave too many instructions directing a verdict and that some were clearly erroneous. While there was only one accident and two cars involved in this occurrence, an excessive number of instructions were tendered to the court by appellant, Kunz, and by appellee, Larson. On behalf of appellant, Kunz, the court gave twenty-five instructions, one of which was specifically directed to the case of Conrad Hammer and Helen Hammer against appellant and an identical instruction referring to the case of Martha Silge against appellant and two other instructions referring to the complaint of appellant and the counterclaim of Larson. The concluding instruction was to the effect that the jury should determine the facts from the evidence and apply the law as contained in the instructions.

On behalf of appellee, Larson, the court gave twenty-four instructions and on behalf of the three passengers, Mr. and Mrs. Hammer and Martha Silge, the court gave seven instructions. According to the abstract no instruction tendered by any of the parties was refused. Exclusive of those given relating to the forms of the verdicts, a total of fifty-six instructions, which cover thirty-nine typewritten pages of the record and twenty-three pages of the printed abstract, were given.

The sixth instruction given at the request of Raymond Larson is as follows:

"The jury are instructed that the plaintiff, Andrew Kunz, cannot recover at all in this case against the defendant, Raymond Larson, unless he has proved by a preponderance of the evidence each of the following propositions:

1. That at and immediately prior to the accident in question Andrew Kunz was not guilty of any negligence as charged by plaintiff.

2. That Raymond Larson was guilty of negligence as charged by the plaintiff.

3. That such negligence of the defendant, Raymond Larson, if any, was the proximate cause or proximately contributed to cause said accident.

4. That the plaintiff has sustained damages as a proximate result of the negligence of the defendant.

If you find from the evidence that the plaintiff has failed to prove by a preponderance of the evidence these propositions as stated, or that it has failed to prove any one of them, it cannot recover from any one of these and you should find the defendant not guilty."

 This instruction refers to Kunz as plaintiff and Larson as defendant and told the jury that Kunz could not recover against Larson unless he, Kunz, proved by a preponderance of the evidence that he, Kunz, was not guilty of any negligence as charged by Kunz. What Kunz was required to prove in his suit against Larson as to his own conduct was that he was in the exercise of due care and caution at and before the time of the occurrence complained of and the jury were so told in another given instruction tendered by Larson. In the suit of Kunz against Larson the pleadings contain no charges of negligence by Kunz. Furthermore while this instruction does not refer to the pleadings, it tells the jury in the first proposition that Kunz cannot recover unless Kunz has proven by a preponderance of the evidence that he, Kunz, was not guilty of any negligence as charged and in the second proposition the jury were told Kunz could not recover against Larson unless Kunz had proven by a preponderance of the evidence that Larson was guilty of negligence as charged by Kunz. If the jury understood this instruction to refer to the charge of negligence contained in the complaint of Kunz against Larson it is a bad instruction because the court in no instruction defined the issues made by the pleadings or told the jury what charges of negligence were embraced in the complaint. If the jury understood this instruction to

refer to a charge of negligence not made by the pleadings it is indefensible as it has long been the rule in this state that recovery can be had only on the negligence charged in the complaint and that such negligence must be the proximate cause of the injury. (Herring v. Chicago and A. R. Co., 299 Ill. 214, 217; Both v. Collins, 339 Ill. App. 437, 440; Brewster v. Rockford Public Service Co., 257 Ill. App. 182, 187.) Furthermore the wording of this instruction is faulty and confusing.

Buehler v. White, 337 Ill. App. 18, was an automobile accident case which resulted in a verdict finding the defendant not guilty. In reversing the judgment rendered on that verdict the court stated that the verdict was against the manifest weight of the evidence and commenting upon an instruction there given said (p. 23): "Defendant's instruction No. 5 told the jury that they should find the defendant not guilty unless they believed that the plaintiff had proved by a preponderance of the evidence that Lee White was guilty of negligence in the manner charged in the complaint. No instruction advised the jury as to any of the charges in the complaint. Therefore, the jury could only guess as to such charges."

In Lerette v. Director General of Railroads, 306 Ill. 348, 354, the court said: "It is contended that the court erred in giving certain instructions at the request of appellee which referred the jury to the declaration to determine the issues. This form of instruction has been repeatedly condemned by this court." Reference in an instruction to negligence charged in the complaint or alleged in the complaint in the absence of other or further instruction pointing out the negligence charged is error. (Signa v. Alluri, 351 Ill. App. 11, 17–18, and cases there cited.)

Instruction 15 tendered by Larson and given by the court has the same vice. This instruction told

140

the jury that it was incumbent upon the passengers in the Kunz car before they could recover against Larson to prove by a preponderance of the evidence that he or she was in the exercise of ordinary care for his or her own safety at and prior to the happening of the accident in question and that the defendant, Larson, was guilty of negligence in one or more of the particulars as charged and that such negligence, if any, caused or contributed to cause the accident and injury complained of. As to the defendant, Kunz, this instruction told the jury that if they believed from a preponderance of the evidence that Kunz was "guilty of wilful and wanton conduct in one or more of the particulars as charged . . . ," then none of said plaintiffs, as to said defendant is required to prove that he or she was in the exercise of ordinary care for his own safety.

Instruction No. 8 given on behalf of appellee, Larson, told the jury that if the jury believed from the evidence that the injuries which Kunz received were occasioned to him on account of his own negligence in turning to the left in attempting to drive through regular traffic on Highway 31 and without his waiting to ascertain that he had an opportunity of making said left turn safely, then the plaintiff, Kunz, would not be entitled to recover and you should find Larson not guilty as to the claim of Kunz. This instruction carries with it an assumption of negligence in turning to the left without waiting. (Brewster v. Rockford Public Service Co., 257 Ill. App. 182, 186.) This instruction and also instruction No. 10 singled out certain items of proof which has been disapproved. (Peters v. Madigan, 262 Ill. App. 417, 426; Dunn v. Crichfield, 214 Ill. 292, 299.) Furthermore, this instruction did not require the jury to find that the negligence of Kunz was the proximate cause of Larson's injuries. (Alexander v. Sullivan, 334 Ill. App. 42, 46; Miller v. Burch, 254 Ill. App. 387, 390.)

141

Complaint is also justly made by appellant, Kunz, of other instructions given on behalf of appellee, Larson. Instruction No. 10 singles out certain facts in evidence. Parts of instructions Nos. 13 and 23 are repetitious. Six of the instructions tendered by appellee, which the court gave, contained a statement to the effect that under the conditions enumerated the jury must find Kunz not guilty or that he, Kunz, could not recover against Larson. The giving of an unnecessary number of such instructions so concluding has been disapproved. (Baker v. Thompson, 337 Ill. App. 327; Stone v. Warehouse & Terminal Cartage Co., 6 Ill.App.2d 229; Loucks v. Pierce, 341 Ill. App. 253.)

Counsel for appellee, Larson, state that the trial court held a conference at the close of the evidence to settle instructions pursuant to the provisions of the Practice Act (Ill. Rev. Stat. 1955, chap. 110, sec. 67); that at this conference counsel for Kunz offered no specific objections to the tendered instructions, made only general objections to all instructions and refused to co-operate with court or opposite counsel and therefore appellant is in no position to insist upon any errors in the instructions. An examination of the record, however, fails to disclose that any such conference was held. The record discloses that at the conclusion of all the evidence certain peremptory instructions were offered, refused and so marked by the court. The record then states (p. 741): "The plaintiff and counter-defendant, Andrew Kunz, offered and asked the court to give to the jury the following instructions," then follows the twenty-five instructions given to the jury by the court on behalf of appellant, followed by the seven instructions given on behalf of Mr. and Mrs. Hammer and Martha Silge and these are followed in the record by the twenty-four instructions given on behalf of appellee, Larson. In appel-

142

lant's motion for a new trial he insisted that the court erred in giving to the jury an excessive number of instructions and set forth seventeen instructions given on behalf of appellee of which he complained and set forth his objections thereto. In this state of the record it was incumbent upon us to consider the alleged errors in instructions relied upon by appellant for reversal of the judgment rendered in favor of appellee Larson.

Lastly it is urged that the damages which the jury awarded to the three passengers were excessive and unjustified by the evidence. The record shows that Helen Hammer received serious and permanent injuries. She suffered a comminuted fracture of the distal third of the right fibula, lacerations of the right leg and abrasions to her right hip, deep lacerations to her nose and the fingers of her right hand, and bruises and contusions to her eyes and eyelids. She was receiving medical treatment at the time of the trial and had been from the date of the accident. She has suffered a substantial loss to the use of some of the fingers of her right hand. The fracture to her leg did not heal properly and has resulted in considerable permanent damage to the leg. It is clear that she will continue to require medical treatment. As to Conrad Hammer, he suffered mostly contusions and abrasions to his head and arms. He lost two weeks work at $90 per week, and his medical expenses amounted to $141. Apparently, he has no permanent injuries, but he did suffer considerable pain for a number of days after the accident. Martha Silge suffered an injury to her back which prevented her from doing her housework for several weeks after the accident, and still prevents her from doing the heavy lifting which she was accustomed to do prior to the accident. She was under a doctor's care for approximately nine months. Her doctor diagnosed her injury as osteoarthritis of the lumbar spine and thoracic spine and a contusion

143

of the back. At the time of the trial, the evidence showed she was still in need of medical treatment. While the damages awarded Helen Hammer and Martha Silge are substantial, we are unable to say after a careful reading of the evidence including the medical testimony found in this record that the damages awarded by the jury are so excessive as to indicate that the jury was motivated by malice or prejudice.

Inasmuch as the instructions so far as the issues involving appellant and appellees, Mr. and Mrs. Hammer and Martha Silge, are concerned are not objected to by appellant and the record contains no reversible error in their branch of this case, the judgments rendered upon the verdicts of the jury in their favor and against appellant should be affirmed, as are the judgments rendered in favor of Raymond Larson and against these appellees in bar of their action against him.

The judgment in favor of appellee, Raymond Larson, and against appellant, Andrew Kunz, however, is reversed and this cause is remanded for a new trial upon the issues made by the complaint of Andrew Kunz against Raymond Larson and the counterclaim of Raymond Larson against Andrew Kunz. In all other respects the judgments of the trial court are affirmed.

Judgments in favor of Conrad Hammer, Helen Hammer and Martha Silge against Andrew Kunz affirmed. Judgments in favor of Raymond Larson against Conrad Hammer, Helen Hammer and Martha Silge in bar of their actions against Raymond Larson affirmed. Judgments in favor of Raymond Larson against Andrew Kunz are reversed and the cause remanded.

CROW, J., concurs.

144

On Motion of Appellee, Raymond Larson, to Vacate
Order Denying A Rehearing

On October 11, 1957, appellee, Raymond Larson, filed herein his unverified motion to vacate the order entered herein on October 2, 1957, which denied this appellee's petition for rehearing. This motion requested the court to (1) delete from the opinion filed herein on August 12, 1957, "all references to, and criticisms of, jury instruction No. 6 which was never given by the trial court to the jury, (2) correct the record in that respect, (3) strike the remanding portion of its original order and (4) grant the other relief prayed for in the petition for re-hearing."

The grounds for the allowance of this motion is that in Appellee Larson's petition for rehearing, our attention was called to the fact that instruction No. 6, referred to in the opinion, was never given to the jury, the petition (p. 6) stating: "With respect to the court's criticism of Larson's instruction 6, the court, through no fault of its own, did not consider the fact that said instruction had been incorrectly abstracted by appellant. Unfortunately the misprinting of this instruction in the abstract was inadvertently overlooked by appellee."

At page 122 of the abstract of the record prepared by appellant, referring to record page 765, the following appears: "Given instructions on behalf of defendant and counterclaimant Raymond Larson." This is followed by twenty-four instructions, the sixth instruction, as abstracted, is correctly set forth in the opinion. At page 24 of their brief and argument, counsel for Mr. Larson (referring to this instruction as set forth in the abstract and copied therefrom in the opinion) said: "Larson's instruction No. 6 admittedly is not the model of perfection in a strict technical sense. Counsel's first objection to No. 6 is that the wording 'as charged by plaintiff' refers the jury to the declaration

145

for the issues without an instruction defining the issues. This was not raised in his motion for a new trial. Can it be argued here that the jury were in doubt as to the issues in view of all the instructions given? We think clearly not. . . . Secondly, counsel for Kunz says Larson's instruction No. 6 states an erroneous rule of law because it tells the jury they must find Andrew Kunz not guilty of any negligence before he can recover. This point was not raised in his motion for a new trial. While this language may be technically bad, it does in effect tell the jury that Kunz had to prove he was in the exercise of due care. . . ."

The rules of this court require the party prosecuting an appeal to furnish an abstract of the record on appeal which will be taken by the court to be accurate and sufficient for a full understanding of the questions presented for decision, unless the opposing party shall file an additional abstract making necessary corrections or additions. (Ill. Rev. St. 1957, Chap. 110, Sec. 201.6.) In the instant case the abstract of record prepared by counsel for appellant was filed herein on October 20, 1956. On December 31, 1956 counsel for appellee Larson filed an additional abstract of record and therein counsel referred to instruction No. 6 but nowhere was it intimated that the abstract of appellant did not correctly set forth this instruction and counsel's argument was partially devoted to sustaining this instruction as abstracted and particularly referred to it on pages 21, 22, 23, and 24 of their brief and argument.

The instruction which the record discloses was given to the jury is exactly like instruction No. 6 except after the word "negligence" in the first proposition which the jury were told Larson had to prove in order to recover, these words were added "which proximately contributed to cause said accident," so that this paragraph of instruction No. 6 read:

146

"That at and immediately prior to the accident in question Andrew Kunz was not guilty of any negligence, which proximately contributed to cause said accident as charged by plaintiff."

The sixth instruction which the record shows was given by the court overcame the failure of the abstracted instruction to require that the negligence of Kunz be the proximate cause of Larson's injuries, in all other respects, however, it was identical with the instruction as appears in the abstract. It erroneously referred to the negligence of Kunz and Larson as charged and is subject to criticism.

 Counsel also state in support of this motion to vacate the order denying a rehearing, that if upon the retrial of the issues growing out of the original complaint of Kunz and the counterclaim of Larson a verdict should be returned in favor of Kunz, it would present an anomalous situation. Whether an act is or is not wilful and wanton is a question of fact. Whether an act is or is not negligent is also a question of fact. Different juries have been known to resolve questions of fact upon substantially the same evidence differently. We concluded upon the record before us that the verdicts against Kunz and in favor of his guest passengers were sustained by the evidence and that the trial court did not err in its refusal to direct a verdict for appellant Kunz. There is no occasion for us to speculate what the jury upon a retrial of the issues between Kunz and Larson may or may not do.

The motion to vacate the order denying Raymond Larson's petition for rehearing is denied.

Motion denied.